Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel: (973) 622-4444
mmakhail@mccarter.com

*Attorneys for Eagle Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, LTD., <br> and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | Civil Action No.: <br><br><br> **COMPLAINT** |

Plaintiff Eagle Pharmaceuticals, Inc. ("Eagle"), by its attorneys, for its Complaint, alleges as follows:

1.       This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, which arises out of Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Dr. Reddy's") submission of New Drug Application ("NDA") No. 219014 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of BELRAPZO® (bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL), prior to the expiration of Eagle's U.S. Patent Nos. 11,844,783 (the "'783

patent") and 11,872,214 (the "'214 patent") (collectively, the "Patents-in-Suit"), attached hereto as Exhibits A and B respectively.

**PARTIES**

2. Plaintiff Eagle is a corporation organized and existing under the laws of Delaware, with its corporate offices and principal place of business at 50 Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

3. On information and belief, Defendant Dr. Reddy's Laboratories, Ltd. is a company organized and existing under the laws of the Republic of India having its corporate offices and principal place of business at Door No. 8-2-337, Road No. 3, Banjara Hills, Hyderabad 500 034, Telangana, Republic of India. On information and belief, Dr. Reddy's Laboratories, Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Dr. Reddy's Laboratories, Inc.

4. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a company organized and existing under the laws of the State of New Jersey having its corporate offices and principal place of business at 107 College Road East, Princeton, New Jersey 08540.

5. On information and belief, Dr. Reddy's Laboratories, Inc. is a wholly owned subsidiary of Dr. Reddy's Laboratories, Ltd. and the U.S. agent for Dr. Reddy's Laboratories, Ltd.

6. On information and belief, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. acted in concert to prepare and submit Dr. Reddy's NDA to the FDA.

7. On information and belief, Dr. Reddy's Laboratories, Ltd. actively encouraged, recommended, and promoted that Dr. Reddy's Laboratories, Inc. prepare and submit Dr. Reddy's NDA to the FDA and knew that the filing of Dr. Reddy's NDA would infringe the Patents-in-Suit.

8. On information and belief, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. know and intend that upon approval of Dr. Reddy's NDA, Dr. Reddy's Laboratories, Ltd. will manufacture Dr. Reddy's NDA Product; and Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. will directly or indirectly market, sell, and distribute Dr. Reddy's NDA Product throughout the United States, including in New Jersey. On information and belief, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Dr. Reddy's NDA Product, and enter into agreements that are nearer than arm's length. On information and belief, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. participated, assisted, and cooperated in carrying out the acts complained about herein.

9. On information and belief, following any FDA approval of Dr. Reddy's NDA, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. will act in concert to distribute and sell Dr. Reddy's NDA Product throughout the United States, including within New Jersey.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because Dr. Reddy's Laboratories, Ltd. is a foreign corporation that is subject to personal jurisdiction in this Court, and Dr. Reddy's Laboratories, Inc. is incorporated in New Jersey and therefore resides there for purposes of venue.

12. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.

13.    This Court has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. because, among other things, Dr. Reddy's Laboratories, Ltd., itself and through its subsidiary Dr. Reddy's Laboratories, Inc., has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Dr. Reddy's Laboratories, Ltd., itself and through its subsidiary Dr. Reddy's Laboratories, Inc., develops, manufactures, imports, markets, offers to sell, sells, and/or imports generic drugs throughout the United States, including in New Jersey, and therefore transacts business within New Jersey, and/or has engaged in systematic and continuous business contacts within New Jersey.

14.    In addition, this Court has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. because, on information and belief, Dr. Reddy's Laboratories, Ltd. directs and controls Dr. Reddy's Laboratories, Inc., and Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. are alter egos of each other.  Therefore, Dr. Reddy's Laboratories, Inc.'s activities in New Jersey are attributable to Dr. Reddy's Laboratories, Ltd.

15.    This Court has personal jurisdiction over Dr. Reddy's Laboratories, Inc. because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Dr. Reddy's Laboratories, Inc. is incorporated and headquartered in Princeton, New Jersey. In addition, on information and belief, Dr. Reddy's Laboratories, Inc. develops, manufactures, imports, markets, offers to sell, sells, and/or imports generic drugs throughout the United States, including in New Jersey, and therefore transacts business within New Jersey relating to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within New Jersey.

16.    In addition, this Court has personal jurisdiction over Dr. Reddy's Laboratories, Inc. because, on information and belief, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories,

4

Inc. are alter egos of each other. Therefore, Dr. Reddy's Laboratories, Ltd.'s activities in New Jersey are attributable to Dr. Reddy's Laboratories, Inc.

17. In addition, this Court also has personal jurisdiction over Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. because, among other things, on information and belief: (1) Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. filed Dr. Reddy's NDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's NDA Product in the United States, including in New Jersey; and (2) upon approval of Dr. Reddy's NDA, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. will market, distribute, offer for sale, sell, and/or import Dr. Reddy's NDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Dr. Reddy's NDA Product in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Dr. Reddy's NDA, Dr. Reddy's NDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

18. For the above reasons, it would not be fundamentally unfair or unreasonable for Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. to litigate this action in this District, and the Court has personal jurisdiction over them here.

## BACKGROUND

19. BELRAPZO®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as for the

treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

20.    Eagle is the holder of NDA No. 205580 for BELRAPZO®, which has been approved by the FDA.

21.    The '783 patent, entitled "Formulations of Bendamustine" (Exhibit A hereto), was duly and legally issued on November 29, 2023.  Eagle is the owner and assignee of the '783 patent.  Eagle timely submitted the '783 patent to be listed in connection with BELRAPZO® in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, also known as the "Orange Book."

22.    Claim 1 of the '783 patent recites: A method of treating leukemia in a human in need thereof comprising

providing a liquid bendamustine-containing composition comprising

   bendamustine, or a pharmaceutically acceptable salt thereof, wherein the bendamustine concentration in the composition is from about 20 mg/mL to about 60 mg/mL;

   a pharmaceutically acceptable fluid consisting of polyethylene glycol and optionally one or more of propylene glycol, ethanol, benzyl alcohol and glycofurol; and

   a stabilizing amount of an antioxidant;

   wherein the total impurities in the liquid bendamustine-containing composition resulting from the degradation of the bendamustine is less than about 5% peak area response, as determined by HPLC at a wavelength of 223 nm after at least about 15 months at a temperature of about 5 °C to about 25 °C;

diluting the liquid bendamustine containing composition; and

intravenously administering the diluted composition to the human.

6

23.     BELRAPZO is a product that falls within the ambit of at least claim 1 of the '783 patent.

24.     The '214 patent, entitled "Formulations of Bendamustine" (Exhibit B hereto), was duly and legally issued on January 16, 2024.  Eagle is the owner and assignee of the '214 patent. Eagle timely submitted the '214 patent to be listed in connection with BELRAPZO® in the Orange Book.

25.     Claim 1 of the '214 patent recites: A sterile vial containing a liquid bendamustine-containing composition comprising

about 100 mg of bendamustine or a pharmaceutically acceptable salt thereof, wherein the bendamustine concentration in the composition is about 25 mg/mL;

a pharmaceutically acceptable fluid consisting of polyethylene glycol and optionally one or more of propylene glycol, ethanol, benzyl alcohol and glycofurol; and

a stabilizing amount of antioxidant,

wherein the total impurities resulting from the degradation of the bendamustine is less than about 5% peak area response, as determined by HPLC at a wavelength of 223 nm after at least about 15 months at a temperature of about 5 °C to about 25 °C.

26.     BELRAPZO is a product that falls within the ambit of at least claim 1 of the '214 patent.

## INFRINGEMENT BY DR. REDDY'S

27.     By letter dated December 19, 2023 ("Dr. Reddy's Notice Letter"), Dr. Reddy's Laboratories, Inc., as U.S. agent for Dr. Reddy's Laboratories Ltd., notified Eagle that it had filed a Paragraph IV Certification and was seeking approval from the FDA to engage in the commercial

manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's NDA Product prior to the expiration of the Patents-in-Suit.

28.    The purpose of Dr. Reddy's submission of Dr. Reddy's NDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Dr. Reddy's NDA Product prior to the expiration of the Patents-in-Suit.

29.    Upon information and belief, Dr. Reddy's NDA Product relies on data from bioavailability and/or bioequivalence studies contained in the approved labeling for BELRAPZO®. BELRAPZO® is approved for a 24-month shelf life. Dr. Reddy's Notice Letter does not identify any difference in stability between Dr. Reddy's NDA Product and BELRAPZO® and, upon information and belief, Dr. Reddy's NDA Product has the same or substantially similar stability as BELRAPZO® and/or as recited in the claims of the Patents-in-Suit.

30.    In Dr. Reddy's Notice Letter, Dr. Reddy's stated that the active ingredient of Dr. Reddy's NDA Product is bendamustine hydrochloride.

31.    In Dr. Reddy's Notice Letter, Dr. Reddy's stated that Dr. Reddy's NDA Product contains 100 mg/4 mg (25 mg/mL) bendamustine hydrochloride.

32.    In Dr. Reddy's Notice Letter, Dr. Reddy's stated that Dr. Reddy's NDA Product will be used for the treatment of chronic lymphocytic leukemia and non-Hodgkin's lymphoma, which are types of cancer.

33.    In Dr. Reddy's Notice Letter, Dr. Reddy's did not disclose the composition of Dr. Reddy's NDA product and furnish samples, data, or other information sufficient to confirm independently the exact composition of Dr. Reddy's NDA product and assess the properties and functions of Dr. Reddy's NDA Product.

34.    Upon information and belief, Dr. Reddy's NDA Product contains polyethylene glycol.  Upon information and belief, Dr. Reddy's NDA Product also contains a stabilizing amount of an antioxidant.

35.    Upon information and belief, Dr. Reddy's NDA Product has less than about 5% peak area response of total impurities resulting from the degradation of the bendamustine, as determined by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,844,783

36.    Eagle incorporates each of the preceding paragraphs as if fully set forth herein.

37.    Dr. Reddy's submission of NDA No. 219014 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's NDA Product prior to the expiration of the '783 patent, was an act of infringement of the '783 patent under 35 U.S.C. § 271(e)(2)(A).

38.    Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product would infringe one or more claims of the '783 patent, including but not limited to claim 1, either literally and/or under the doctrine of equivalents.

39.    Upon information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product with its proposed labeling upon FDA approval of NDA No. 219014.

40.    Upon information and belief, the use of Dr. Reddy's NDA Product in accordance with and as directed by Dr. Reddy's proposed labeling for that product would infringe one or more claims of the '783 patent.

41.     Upon information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '783 patent when Dr. Reddy's NDA is approved, and plans and intends to, and will, do so after approval.

42.     Upon information and belief, Dr. Reddy's knows that Dr. Reddy's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '783 patent and that Dr. Reddy's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '783 patent after approval of Dr. Reddy's NDA.

43.     The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '783 patent, active inducement of infringement of the '783 patent, and contribution to the infringement by others of the '783 patent.

44.     Unless Dr. Reddy's is enjoined from infringing the '783 patent, actively inducing infringement of the '783 patent, and contributing to the infringement by others of the '783 patent, Eagle will suffer irreparable injury.  Eagle has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 11,872,214

45.     Dr. Reddy's submission of NDA No. 219014 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's NDA Product prior to the expiration of the '214 patent, was an act of infringement of the '214 patent under 35 U.S.C. § 271(e)(2)(A).

46.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product would infringe one or more claims of the '214 patent, including but not limited to claim 1, either literally and/or under the doctrine of equivalents.

10

47. Upon information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product with its proposed labeling upon FDA approval of NDA No. 219014.

48. Upon information and belief, the use of Dr. Reddy's NDA Product in accordance with and as directed by Dr. Reddy's proposed labeling for that product would infringe one or more claims of the '214 patent.

49. Upon information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '214 patent when Dr. Reddy's NDA is approved, and plans and intends to, and will, do so after approval.

50. Upon information and belief, Dr. Reddy's knows that Dr. Reddy's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '214 patent and that Dr. Reddy's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '214 patent after approval of Dr. Reddy's NDA.

51. The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '214 patent, active inducement of infringement of the '214 patent, and contribution to the infringement by others of the '214 patent.

52. Unless Dr. Reddy's is enjoined from infringing the '214 patent, actively inducing infringement of the '214 patent, and contributing to the infringement by others of the '214 patent, Eagle will suffer irreparable injury. Eagle has no adequate remedy at law.

### COUNT III – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 11,844,783

53. Eagle incorporates each of the preceding paragraphs as if fully set forth herein.

11

54.     Upon information and belief, Dr. Reddy's has knowledge of the '783 patent and/or the application leading to the '783 patent, Application No. 18/081,238.

55.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product would infringe one or more claims of the '783 patent, including but not limited to claim 1, either literally or under the doctrine of equivalents.

56.     Upon information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product with its proposed labeling upon FDA approval of NDA No. 219014.

57.     Upon information and belief, the use of Dr. Reddy's NDA Product in accordance with and as directed by Dr. Reddy's proposed labeling for that product would infringe one or more claims of the '783 patent, including but not limited to claim 1.

58.     Upon information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '783 patent when NDA No. 219014 is approved, and plans and intends to, and will, do so after approval.

59.     Upon information and belief, Dr. Reddy's knows that its NDA Product and its proposed labeling are especially made or adapted for use in infringing the '783 patent, and that its NDA Product and its proposed labeling are not suitable for substantial noninfringing use.  Upon information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '783 patent after approval of NDA No. 219014.

60.     The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '783 patent, active inducement of infringement of the '783 patent, and contribution to the infringement by others of the '783 patent.

61. Upon information and belief, Dr. Reddy's has acted without a reasonable basis for believing that it would not be liable for infringing the '783 patent, actively inducing infringement of the '783 patent, and contributing to the infringement by others of the '783 patent.

62. Accordingly, there is a real, substantial, and continuing case or controversy between Eagle and Dr. Reddy's regarding whether Dr. Reddy's manufacture, use, sale, offer for sale, or importation into the United States of Dr. Reddy's NDA Product with its proposed labeling according to NDA No. 219014 will infringe one or more claims of the '783 patent.

63. Eagle should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Dr. Reddy's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '783 patent.

64. Dr. Reddy's should be enjoined from infringing the '783 patent, actively inducing infringement of the '783 patent, and contributing to the infringement by others of the '783 patent; otherwise Eagle will suffer irreparable injury. Eagle has no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 11,872,214

65. Eagle incorporates each of the preceding paragraphs as if fully set forth herein.

66. Upon information and belief, Dr. Reddy's has knowledge of the '214 patent and/or the application leading to the '214 patent, Application No. 18/081,251.

67. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product would infringe one or more claims of the '214 patent, including but not limited to claim 1, either literally or under the doctrine of equivalents.

13

68. Upon information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's NDA Product with its proposed labeling upon FDA approval of NDA No. 219014.

69. Upon information and belief, the use of Dr. Reddy's NDA Product in accordance with and as directed by Dr. Reddy's proposed labeling for that product would infringe one or more claims of the '214 patent, including but not limited to claim 1.

70. Upon information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '214 patent when NDA No. 219014 is approved, and plans and intends to, and will, do so after approval.

71. Upon information and belief, Dr. Reddy's knows that its NDA Product and its proposed labeling are especially made or adapted for use in infringing the '214 patent, and that its NDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '214 patent after approval of NDA No. 219014.

72. The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '214 patent, active inducement of infringement of the '214 patent, and contribution to the infringement by others of the '214 patent.

73. Upon information and belief, Dr. Reddy's has acted without a reasonable basis for believing that it would not be liable for infringing the '214 patent, actively inducing infringement of the '214 patent, and contributing to the infringement by others of the '214 patent.

74. Accordingly, there is a real, substantial, and continuing case or controversy between Eagle and Dr. Reddy's regarding whether Dr. Reddy's manufacture, use, sale, offer for

14

sale, or importation into the United States of Dr. Reddy's NDA Product with its proposed labeling according to NDA No. 219014 will infringe one or more claims of the '214 patent.

75.     Eagle should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Dr. Reddy's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '214 patent.

76.     Dr. Reddy's should be enjoined from infringing the '214 patent, actively inducing infringement of the '214 patent, and contributing to the infringement by others of the '214 patent; otherwise Eagle will suffer irreparable injury.  Eagle has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Eagle requests the following relief:

(a)     A judgment that Dr. Reddy's has infringed, will infringe, and will induce and contribute to infringement of the Patents-in-Suit;

(b)     A judgement that the Patents-in-Suit are valid and enforceable;

(c)     A judgment pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Dr. Reddy's to make, use, offer for sale, sell, market, distribute, or import Dr. Reddy's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, be not earlier than the expiration date of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A preliminary and permanent injunction pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 enjoining Dr. Reddy's, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling,

offering for sale, marketing, distributing, or importing Dr. Reddy's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Dr. Reddy's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(f)     An award of Eagle's damages or other monetary relief to compensate Eagle if Dr. Reddy's engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Dr. Reddy's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g)     A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h)     An award of Eagle's costs and expenses in this action; and

(i)     Such further and other relief as this Court may deem just and proper.

Dated: February 2, 2024     By: /s/ *Mark M. Makhail*

            Mark M. Makhail
            **McCARTER & ENGLISH, LLP**
            4 Gateway Center
            100 Mulberry Street
            Newark, NJ 07102
            Tel: (973) 622-4444
            mmakhail@mccarter.com

            OF COUNSEL:

            Daniel G. Brown (*pro hac vice* forthcoming)
            **LATHAM & WATKINS LLP**
            1271 Avenue of the Americas
            New York, NY 10020
            (212) 906-1200

            Kenneth G. Schuler (*pro hac vice* forthcoming)
            Marc N. Zubick (*pro hac vice* forthcoming)
            Alex M. Grabowski (*pro hac vice* forthcoming)
            **LATHAM & WATKINS LLP**
            330 North Wabash Avenue, Suite 2800
            Chicago, IL 60611
            (312) 876-7700

            *Attorneys for Eagle Pharmaceuticals, Inc.*